## B. J. WHALEN v. ALLEN JOHNSON ET AL.

Written Instruments—Terms Varied by Parol Testimony.

Terms of a written contract may be changed by parol proof, where it is shown that the written instrument was a mere form and to include general terms applicable to other parties thereto.

Attachment—Contract—Premature Suit.

Johnson contracted, in writing with Whalen to cut his lumber, payable on delivery, but subsequently made a parol agreement to give him twelve months time. A few months afterwards, Johnson sold his mill, and the vendee continued to cut for Whalen. Held that an attachment against Whalen before the end of the credit period was premature.

Same.

The vendee of the mill, in the absence of a special agreement, took same under whatever contract the vendor had with his then customers, and subject to their rights.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 20, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

In March, 1867, A. B. Johnson, owning a circular saw mill, agreed with appellant and others to remove it to their neighborhood and saw the logs delivered at the mill at 65 cents per one hundred feet. He sent them a written proposition containing the terms, signed by himself and which they were also to sign, designating the number of logs to be furnished by each, by which a lien was to be retained on the lumber, and it was not to be removed until the sawing was paid for, or a satisfactory note with security given.

Some of the neighbors, including Whalen, objected to the terms, and would not agree to deliver as many logs as they would do if time was given them to realize out of the lumber. A. B. Johnson and other witnesses state that he sent Whalen word that he could have six or twelve months' time if he desired it, that these terms included in the written memorial were for a form and to

include the general terms of sawing, but he would not be held up to them, but could have time to realize out of the lumber.

Whalen was a good, solvent farmer, and Johnson would, therefore, the more readily waive the strict terms of the written memorial.

Early in August, A. B. Johnson sold the mill to Allen Johnson, etc., but there seems to have been no special contract between the vendor and vendees that the latter were to continue to saw and carry out the vendor's contracts on the same terms, nor was there any special contract between these plaintiffs and Whalen proved, but it may be inferred that both parties tacitly understood the terms to be the same and that the vendees continued the business on the same terms.

November 29, 1867, the appellees brought this suit in equity against Whalen, asserting an indebtedness and lien on the sawed lumber then on the yard, and sued out an attachment on the averment that they believed Whalen would remove it.

Whalen controverted the alleged amount of his indebtedness, denied the asserted lien and claimed that he was entitled to a credit of six months, and denied any cause of attachment.

The court adjudged to the plaintiffs fifty-one dollars with interest from the date thereof, sustained the attachment and ordered the lumber sold, from which Whalen has appealed.

Had a lien existed and a cause of attachment appeared, the suit would not have been premature, but as A. B. Johnson had waived his lien and given to Whalen six or twelve months' time to enable him to realize out of the lumber, and this upon a sufficient consideration, after the signing said written article; no lien by reason of any contract between him and Whalen existed, nor would the debt be due for six months.

If, as asserted by paintiffs, they predicate their lien upon the contract between their vendor, A. B. Johnson, and Whalen, they can have no rights as against Whalen which Johnson would not have had, provided he had done the sawing. No special contract as between the plaintiffs and Whalen being shown, nor indeed set up, but, as averred by them, a large portion of the lumber had been sawed by their vendor and they continued the business to comply with his contracts pursuant to their undertaking to him, it is quite apparent that their legal right to maintain their suit and to sustain their attachment must be predicted upon

the relations existing between A. B. Johnson and Whalen. As A. B. Johnson could neither have maintained an action or attachment for the causes set out in this petition and affidavit, the judgment must be reversed, with directions to discharge the attachment and dismiss the suit without prejudice.

*Swope, for appellant.*

*Ray & Hardin, for appellees.*